## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

MARTIN E. O'BOYLE and CATHERINE O'BOYLE, both
Individually and as a General Partners in New Midland
Plaza Associates, a Tennessee General Partnership,
Commerce Partnership, No. 1147, a Florida General Partnership,
and Partnership No. 1171, a Florida General Partnership,
NEW MIDLAND PLAZA ASSOCIATES, COMMERCE
PARTNERSHIP, NO. 1147 AND COMMERCE PARTNERSHIP
NO. 1171, Florida General Partnerships,

      Plaintiffs,

v.

SHULMAN, ROGERS, GANDAL, PORDY
& ECKER, P.A., ROSS D. COOPER,
and MARK S. GUBERMAN,

      Defendants.

§ § § § § § § § § § § § § § § § §

No._____

JURY DEMANDED

## COMPLAINT

1.     The jurisdiction of this Court, pursuant to 28 USCA §1332, is founded upon
the diversity of citizenship of the parties and the amount in controversy which, exclusive of
interest and costs, exceeds $75,000.

### PARTIES

2.     Plaintiff Martin E. O'Boyle is a United States citizen and resident of New Jersey
residing at 107 South 13th Street, Longport, Atlantic County, New Jersey 08403.

3.     Plaintiff Catherine O'Boyle is a United States citizen and resident of New Jersey
residing at 747 Market Street, Mt. Ephraim, Camden County, New Jersey, 08059.

4.     Plaintiff New Midland Plaza is a Tennessee partnership formerly operating a
shopping center in Alcoa, Tennessee with its principal place of business located at 1280 West

Newport Center Drive, Deerfield Beach, FL 33442.

5.      Plaintiff Commerce Partnership No. 1147, is a Florida general partnership with its principal place of business located at 1280 West Newport Center Drive, Deerfield Beach, FL 33442.

6.      Plaintiff Commerce Partnership No. 1171, is a Florida general partnership with its principal place of business located at 1280 West Newport Center Drive, Deerfield Beach, FL 33442.

7.      Defendant, Shulman, Rogers, Gandal, Pordy & Ecker ("Shulman Rogers"), is a professional association incorporated in Maryland with its principal place of business located at 11921 Rockville Pike, Third Floor, Rockville, Maryland 20852. Defendant Shulman Rogers may be served via its registered agent The Corporate Services Company, 11840 Beekman Place, Potomac, MD 20854.

8.      Defendant Ross D. Cooper, Esquire, is a resident of Maryland and may served at his residence located at 5244 River Road, Bethesda, MD 20816.

9.      Defendant Mark S. Guberman is a resident of Maryland and may be served at his residence located at 1007 Fernwood Road, Bethesda, MD 20817-1605

## COUNT I

## (NEGLIGENCE)

10.     Plaintiffs Catherine O'Boyle and Martin E. O'Boyle, did individually and as general partners in their above-named Tennessee and Florida partnerships (hereinafter collectively referred to as "Plaintiffs"), enter into a retainer agreement and contract for legal representation with Defendant Shulman Rogers, Defendant Cooper and Defendant Guberman (hereinafter collectively referred to as "Defendants") in June/July 2001. Plaintiffs contracted for

the legal services and expertise of Defendants for the purpose of prosecuting the Plaintiffs' interests, rights and remedies in collecting lawful damages for tortious conduct committed by mortgage lender, First Union National Bank, against and to the detriment of Plaintiffs, namely New Midland Plaza Associates.

11.     Plaintiffs sought the legal representation and expertise of Defendants for the purpose of litigating a lawsuit against First Union National Bank and other defendants in the Circuit Court for Blount County, Tennessee, for, *inter alia*, a pattern and practice of wrongful conduct, for the misappropriation of more than $680,000 of New Midland funds, breach of contract, and declaratory and injunctive relief.

12.     Defendants did by virtue of the June/July 2001 retainer agreement and contract with the Plaintiffs represent that they were competent litigation counsel with a full understanding of the Plaintiffs' substantial interests at stake and that they would dutifully prosecute the Plaintiffs' claims efficiently, competently and with the level of skill and experience required.

13.     Defendant Cooper was at all times material an attorney with and employee and/or agent of Defendant Shulman Rogers.

14.     Defendant Guberman was at all times material an attorney with and employee and/or agent of Defendant Shulman Rogers.

15.     Defendants represented themselves to the Plaintiffs individually and on behalf of Shulman Rogers as seasoned and experienced civil litigators specializing in and highly proficient in litigating claims such as the one had by Plaintiffs against First Union National Bank.

16.     Accordingly, Defendants contracted to represent the Plaintiffs in the Circuit Court for Blount County Tennessee matter captioned as <u>New Midland Plaza Associates, et al. v. First Union National Bank, et al.</u>, by exercise of that level of skill, knowledge, diligence and industriousness as required by similarly situated and competent litigation counsel.

17.     Based on Defendants' representations as to their scope of representation and skills, Plaintiffs understood that Defendants were aware of and competent to represent Plaintiffs consistent with the applicable standard of professional practice for attorneys prosecuting actions such as the one against First Union in the state of Tennessee.

18.     Based on the contract for representation and Defendants' representations, Defendants owed Plaintiffs a duty of care which included litigation of the Blount County action in an aggressive, ethical and competent manner consistent with the applicable standard of professional practice for attorneys handling similar matters in Tennessee.

19.     Plaintiffs allege that Defendants misrepresented their abilities, skills and familiarity with Tennessee law and the applicable standard of acceptable professional practice and/or in the alternative that they negligently discharged their duties to Plaintiffs by, *inter alia*, the following:

a)     prosecuting the action pursuant to a flawed theory of damages which they failed to test through competent and thorough legal research and analysis thereby conveying the false impression to Plaintiffs that Plaintiffs' case was worth substantially more than feasible under Tennessee law and practical considerations;

b)      advising Plaintiffs that their damages would include the loss of use or opportunity from monies Plaintiffs had to use for payment of legal fees and litigation costs. This theory was soundly rejected by both the special master and trial judge;

c)      failing to adequately advise Plaintiffs about their potential responsibility for significant attorney fees or sanctions if their action was lost at trial or dismissed on the merits. Instead, Defendants repeatedly advised Plaintiffs that their claims would defiantly withstand any motion for summary judgment and would, to a reasonable probability, result in a successful outcome for the Plaintiffs;

d)      waiving one of Plaintiffs' two civil conspiracy claims, notwithstanding the fact that there was a valid factual basis for the allegation;

e)      failing to properly prepare the Plaintiffs' experts for deposition by sending an inexperienced junior associate, Defendant Guberman, to the dual expert deposition convened in the state of Colorado.  The depositions were pivotal in that they were conducted to establish and define governing standards of conduct for lenders such as First Union National Bank. The expert depositions were so poorly and negligently conducted by the unprepared Defendant Guberman that the testimony was used as a predominate basis by the Blount County Circuit Court judge for dismissal of Plaintiffs' action on a motion for summary judgment by First Union National Bank.

f)      failing to review and correct the flawed expert testimony and failing to object to or submit any clarifications to same;

g)      failing to properly respond to First Union National Bank's motion for summary judgment by:

1)      failing to file a response to First Union's statement of undisputed material facts and/or a statement of additional material facts pursuant to Tenn. R. Civ. P. 56.03 despite the

fact that discovery provided ample evidence to create disputable issues of material fact which would have, more likely than not, resulted in the subject dispositive motion being overruled; and

2)  failing to file affidavits of Martin E. O'Boyle and the Plaintiffs' experts, which would have created disputed material facts sufficient to, more likely than not, overcome the summary judgment motion. Defendants submitted the Martin O'Boyle affidavit only after the Blount County Court's decision was rendered, made no showing of due diligence, and offered no valid explanation as to why the evidence could not have been submitted earlier;

h)  prosecuting the Blount County action in such a manner that the Blount County trial court, pursuant to Tennessee law, local rules of court, and the applicable standard of acceptable professional legal practice, was compelled to render $1.5 million in sanctions against Plaintiffs; and

i)  failing to properly advise Plaintiffs as to: the probable outcome of the aforementioned motion for summary judgment; the propriety of pursuing the overall litigation; whether settlement should have been proposed or considered; the appropriateness, based on Tennessee law, local rules and the applicable standard of care, of the tactics used by Defendants in conducting discovery and motion practice in the Blount County Circuit Court.

20.  Plaintiffs allege that as a direct and proximate result of Defendants' individual and combined misrepresentations and professional negligence, Plaintiffs' action was summarily dismissed and sanctions imposed personally on Plaintiff Martin O'Boyle.

21.  Plaintiffs allege that but for the negative summary judgment ruling and the imposition of sanctions on Martin O'Boyle, the Plaintiffs would have more likely than not successfully prosecuted and/or settled the Blount County action and/or successfully pursued an appeal of the summary judgment ruling.

22. However, as a direct and proximate result of the Defendants' negligence, Plaintiffs lost the underlying case and were forced to abandon any appeal of the summary judgment ruling in exchange for First Union's agreement to release Martin O'Boyle from the crushing sanctions imposed on him personally.

23. Plaintiffs allege that Defendants Shulman Rogers, Cooper and Guberman did breach their duty of care to the Plaintiffs and were in fact negligent, careless and reckless in their representation, given their absolute failure to act within that standard of care imposed by law when attending to the legal needs and requirements of their clients.

24. Defendant Shulman Rogers, was at all times relevant hereto the employer of Defendants Cooper and Guberman. The firm did at all times relevant hereto maintain a duty of care to properly supervise legal work performed by Defendants Cooper and Guberman on behalf of and in the interest of Plaintiffs. Defendant Shulman Rogers did by virtue of the aforementioned facts and circumstances, breach each and every duty of care due and owing the Plaintiffs and are liable to the Plaintiffs pursuant to the doctrine of *respondeat superior*.

25. Plaintiffs further allege that the filing of this action remains timely and within the applicable statute of limitations by virtue of a tolling agreement entered into between Plaintiffs and Defendants prior to the expiration of any applicable statute of limitation and/or repose.

26. Plaintiffs allege that, as a direct and proximate result of the Defendants' aforementioned acts and omissions, they sustained substantial financial harm including, but not limited to, the loss of the underlying action against First Union and loss of substantial legal fees and litigation expenses for deficient and unnecessary legal representation.

WHEREFORE, Plaintiffs jointly and individually demand entry of judgment, in an amount to be determined by the jury, against Defendants as follows:

A.      Compensatory damages;

B.      Consequential damages;

C.      Punitive damages;

D.      Costs of suit, reasonable attorneys' fees, and interest; and

E.      Any other relief which the Court deems equitable and just.

## COUNT II

## (BREACH OF CONTRACT)

27.     Plaintiffs incorporate by reference all previous allegations as if set forth herein.

28.     The retainer agreement and contract existing between the parties contained explicit and implicit contractual promises by Defendants to represent Plaintiffs consistent with the applicable standard of professional practice for attorneys prosecuting actions such as the one against First Union in the state of Tennessee.

29.     Based on the foregoing allegations, Defendants breached their contract by failing to discharge their contractual duties by failing to act within the applicable standard of care and with the skill, knowledge and experience necessary to protect the Plaintiffs' legal rights and interests in Plaintiffs' cause against First Union National Bank.

30.     As a direct and proximate result of Defendants' breach, Plaintiffs sustained substantial financial harm including, but not limited to, the loss of the underlying action against First Union and loss of substantial legal fees and litigation expenses for deficient and unnecessary legal representation.

WHEREFORE, Plaintiffs demand judgment, in an amount to be determined by the jury, against Defendants by virtue of breach of contract as follows:

A.   Compensatory damages;

B.   Consequential damages;

C.   Interest, attorneys' fees and costs of suit; and

D.   Any other relief which the Court deems equitable and just.

Plaintiffs demand a jury to try this cause.

Submitted this 20th day of _____April_____, 2009.

Bryan L. Capps (BPR#19999)
550 Main Avenue, Suite 600
Knoxville, TN 37902
(865)637-2442
Facsimile (865)971-4116
bcapps@sidgilreath.com

Mr. Chris Sherman
JACOBS & BARBONE
1125 Pacific Avenue
Atlantic City, NJ 08401
(609) 348-1125
Facsimile (609) 348-3774
jacobsbarbone@comcast.net

***Attorneys for Plaintiffs***