# IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE
## EQUITY DIVISION

*NEW MIDLAND PLAZA ASSOCIATES,*
*a Tennessee General Partnership,*
*MARTIN E. O'BOYLE, CATHERINE O'BOYLE,*
*SUCCESSOR TO JOHN E. O'BOYLE, and*
*CATHERINE O'BOYLE as tenants by the*
*entireties, COMMERCE PARTNERSHIP NO. 1147,*
*a Florida General Partnership, and COMMERCE*
*PARTNERSHIP NO. 1171, a Florida*
*General Partnership,*

  *Plaintiffs,*

*vs.*

*FIRST UNION NATIONAL BANK,*
*ALCOA CALDERWOOD, LLC*
*(F/K/A COOLIDGE SOMERSET ALCOA, LLC,*
*DAVID FRAIMOW, MARSHALL ALLEN, and*
*FRED STAHL,*

  *Defendants.*

)
FILED
FEB 8 2005
JAMES A CARROLL
CLERK & MASTER

Civil Action No. E-18053

## SPECIAL MASTER'S PRELIMINARY REPORT
## AND STATUS OF PROCEEDINGS

COMES J. MICHAEL WINCHESTER, as Special Master by Appointment and Order of Reference from this Honorable Court dated and filed March 14, 2003 (the "**Order of Reference**"), pursuant to Rule 53 of the Tennessee Rules of Civil Procedure (TRCP), and does hereby file and serve his Preliminary Report and Status of Proceedings ("**Preliminary Report**") pursuant to the aforesaid Order of Reference and TRCP 53.04, and does hereby submit, report, and say as follows:

### A. STATUS OF PROCEEDINGS BEFORE SPECIAL MASTER WINCHESTER
### I. INTRODUCTION

Pursuant to the aforesaid Order of Reference, this Court nominated, designated, and appointed Special Master J. Michael Winchester (the "**Special Master**") "to determine the amount of any and all funds actually due and owing Alcoa by New Midland from January 20,

2000, to the date of the Special Master's Report, all pursuant to the provisions of the loan documents as ordered by the United States Bankruptcy Court by the Southern District of Florida". Further, the Special Master was directed to establish dates for preliminary conferences and meetings between NEW MIDLAND PLAZA ASSOCIATES ("**New Midland**") and ALCOA CALDERWOOD, LLC ("**Alcoa**"), and to submit a summary of same not later than fifteen (15) days following his last conference with the parties. This Honorable Court further stated that it intended for all work to be performed by this Special Master within thirty (30) calendar days of receipt of a certified copy of the Order of the Florida Bankruptcy Court relative to said loan documents.

On or about January 11, 2005, the Special Master received Alcoa's Motion and Submission to Special Master Winchester as to the amount due under the loan documents ("**Alcoa Motion and Submission**") containing numerous exhibits, including several Orders from the United States Bankruptcy Court relating to approval of loan documents in the Bankruptcy Court proceedings involving New Midland designated as Case No. 99-25737-BKC-PGH (Chapter 11) pending in the Southern District of Florida, Broward Division (the "**New Midland Bankruptcy Proceedings**"). Pursuant to the Order of Reference, the Special Master immediately contacted legal counsel for all parties to establish a date not later than five (5) business days from receipt of the foregoing certified copies of Orders in the bankruptcy proceeding, whereupon an initial conference and hearing was convened before this Special Master on January 20, 2005 (the "**First Meeting**"). A transcript of said First Meeting is attached hereto pursuant to TRCP 53.04(1) [Tab 1], containing Late Exhibit 4 and Late Exhibit 5 only.

As the result of the First Meeting, it appeared that First Union National Bank, now Wachovia ("**First Union**") as well as Alcoa and New Midland, would participate in proceedings before this Special Master on the issues set forth in the Order of Reference. Legal counsel for said parties agreed to a schedule to exchange documents and provide further submissions to the

2

Case 3:09-cv-00169 Document 13-9 Filed 06/29/09 Page 2 of 15 PageID #: 273

Special Master to delineate issues and procedures to facilitate the determination of any and all amounts actually due and owing Alcoa by New Midland from January 20, 2000 (the "**Starting Point**") to the date of the Report. Further, it was agreed that a preliminary hearing would be held on February 2, 2005, by the Special Master to determine and quantify the amount of funds due on the Starting Point and to further delineate issues raised by Alcoa relative to attorney's fees and legal costs asserted by Alcoa against New Midland as part of the "amount of any and all funds actually due and owing Alcoa by New Midland (the "**Attorney's Fees Issues**").

Following the First Meeting, Alcoa filed and served an Amended and Restated Motion and Submission dated January 25, 2005, containing hundreds of pages of exhibits designated as Exhibit Nos. 1-44, inclusive. On January 26, 2005, Alcoa submitted its Motion in Limine to prohibit introducing or referring to certain loan documents prepared by the Special Master (the "**Motion in Limine**").

As the result of the First Meeting, First Union filed Late-Exhibit 4 containing a breakdown by date and amount of money applied to the New Midland loan originally dated March 29, 1988, as subsequently modified and extended at numerous times (the "**New Midland Loan**"). This Late-Exhibit 4 identified the application of various amounts received by First Union while it was the owner and holder of the New Midland Loan, including application of escrow accounts and cash collateral accounts referenced therein. By transmittal letter of January 25, 2005, New Midland submitted its loan balance analysis for the New Midland Loan as Late Exhibit 5 containing spreadsheet information relevant to the determination of the amount owing and payments applied during the term of the New Midland Loan.

On January 28, 2005, Alcoa submitted its letter and further response to the submission of New Midland with regard to the amounts due under the New Midland Loan, exclusive of attorney's fees, expenses, and interest. Subsequent thereto, on January 31, 2005, New Midland submitted its response to Alcoa's Amended and Restated Motion and Submission containing an

extensive Brief and hundreds of pages of additional exhibits identified as Exhibits A-K, inclusive.

On February 1, 2005, Alcoa submitted its Reply to New Midland's Response containing an additional Brief and Exhibits A-F, inclusive, on the issues involving the determination of the amount due under the New Midland Loan and the Attorney's Fees Issues.

## II. PRELIMINARY HEARING ON FEBRUARY 2, 2005

Pursuant to the findings, agreements, stipulations, and scheduling order from the First Meeting, the parties convened for a preliminary hearing on February 2, 2005, at the law offices of the Special Master in Knoxville, Tennessee (the "**Preliminary Hearing**"). The Special Master attempted to accommodate the parties by expediting a hearing on the determination of the amounts due under the New Midland Loan as of the Starting Point (*i.e.*, January 20, 2000). This determination was of particular interest to both parties since the New Midland Loan had matured by its terms on January 20, 2005, the date of the First Meeting. A transcript of the Preliminary Hearing is attached hereto and submitted to the Court pursuant to TRCP 53.04(1) [Tab 2].

The issues and objections raised in the Motion in Limine filed by Alcoa did not materialize since no loan documents prepared by the Special Master relative to the Attorney's Fees Issues were ever submitted or introduced by New Midland or any other party. Following the Preliminary Hearing, due to the filing of late-filed exhibits at the Preliminary Hearing, the parties were permitted to submit additional documents in response thereto on or before February 4, 2005. Since no documents relevant to the Motion in Limine have been presented by any party, the Special Master finds that the Motion in Limine should be DENIED as MOOT, and recommends that the Court approve and affirm this ruling by appropriate Order.

At the Preliminary Hearing, the Special Master heard argument, submissions, and presentations for New Midland, Alcoa, and First Union on the amount of funds due and owing by New Midland to Alcoa at the Starting Point of January 20, 2000. Further, as set for below,

4
Case 3:09-cv-00169 Document 13-9 Filed 06/29/09 Page 4 of 15 PageID #: 275

the Special Master made a determination as to the amount of funds due and owing on the New Midland Loan to Alcoa at the maturity date of January 20, 2005 (the "**Maturity Date**").

The Special Master then proceeded to hear arguments and submissions from all parties concerning the Attorney's Fees Issues. It was represented to the Special Master that little or no discovery on the Attorney's Fees Issues has been undertaken by and between the parties through the date of the Preliminary Hearing. Since the potential amount of attorney's fees sought by Alcoa was estimated to be $3,000,000.00, the parties discussed and suggested procedures for the Special Master to adopt to address legal issues involving the Attorney's Fees Issues by designation of categories of fees requested by Alcoa **and** that a determination be made by the Special Master as to whether or not the attorney fee provisions contained in the New Midland Loan documents, as amended, entitled Alcoa to recovery **any** category of attorney's fee as a matter of law. Further, the parties requested that the Special Master make a preliminary report and finding as to the overall claim for attorney's fees by Alcoa **prior** to the initiation of expensive and time-consuming discovery of attorney's fees, bills, and statements.

As the result of these discussions, submissions, and legal arguments, the Special Master advised the parties that he would attempt to make an initial determination of liability by New Midland for any of the categories of attorney's fees demanded by Alcoa from New Midland, as a matter of law, and that the Special Master would try to make this preliminary determination on the Attorney's Fees Issues by Monday, February 7th, if possible. Since a transcript of the Preliminary Hearing containing over three hundred (300) pages was not delivered to the Special Master until Friday, February 4, 2005, and since additional submissions by New Midland and Alcoa were delivered to the Special Master in the afternoon of February 4, 2005, containing additional legal arguments and hundreds of additional pages of exhibits, the Special Master has been unable to finalize his review, research, and determination of the categories of attorney's

fees that may be available for recovery by Alcoa under the attorney's fees provisions in the New Midland Loan documents as of today's date despite his best efforts to do so.

While the attorneys for Alcoa and New Midland have, from time to time, argued that the attorney's fees provisions contained in the New Midland Loan documents are "plain and unambiguous" for purposes of legal interpretation, extensive briefs and submissions of exhibits, including Bankruptcy Court and Blount County Circuit Court transcripts of various hearings and motions, have been submitted to the Special Master pertaining to the attorney's fees provisions and the Attorney's Fees Issues. The Special Master has reviewed substantially all of the transcripts and exhibits, and is in the process of finishing his review of the extensive Record developed by the parties at the First Meeting and Preliminary Hearing; however, since this Special Master has determined that there were significant discussions and findings in prior court proceedings that may constitute and otherwise bind the Special Master under the legal doctrine of *res judicata* and/or "law of the case", the Special Master must request additional time to finalize his review and research on the Attorney's Fees Issues, including the categories of attorney's fees sought by Alcoa.

In order to give the parties to these proceedings a full and fair opportunity to have all of their submissions properly and completely reviewed, the Special Master would request an additional period of time pursuant to the Order of Reference to accomplish the intent and purpose of this Honorable Court's reference of this matter to him. Despite the best efforts of this Special Master, the Special Master will not be able to make a final determination as to "all funds actually due and owing Alcoa by New Midland" as same pertains to the Attorney's Fees Issues within the thirty (30) calendar day time schedule requested by this Honorable Court in the Order of Reference, which expires February 10, 2005.

The attorney's fees provisions cited in the relevant loan documents involving the New Midland Loan are set forth verbatim in Exhibit 27 of the submissions by Alcoa on January 25,

2005 (see Tab 3 for attached copy). These attorney's fees provisions (the "**Attorney's Fees Provisions**") have been discussed and reviewed in the Bankruptcy Proceedings at various times, and the Special Master believes that a final and complete review of the submissions from the parties containing the bankruptcy transcripts is necessary in order to give each party a "full and complete opportunity" to address the legal issues presented to this Special Master. The Special Master is mindful that the New Midland Loan has matured on the Maturity Date, but is also making a good faith effort to give careful consideration to all submissions to the Special Master.

The claim for attorney's fees, legal costs, and expenses by Alcoa ("**Attorney's Fees Claims**") have been listed in Exhibit 21 to Alcoa's submission to the Special Master on January 25, 2005 (see Tab 4 for copy). Further, the categories of attorney's fees relating to the Attorney's Fee Claims are itemized on pages 9 and 10 of Alcoa's Amended Motion and Submission dated January 25, 2005 (the "**Attorney Fees Categories**"), copies of same being attached hereto for reference and convenience (see Tab 5).

Since the amount of the Attorney's Fees Claims being sought by Alcoa pursuant to the Attorney's Fees Provisions relate to numerous controversies, litigation, and events as set forth in the Attorney's Fees Categories, the Special Master feels compelled to review in detail the Record as established by the submissions from the parties to these proceedings which involves a substantial number of hearings, proceedings, and time periods. The Special Master has only had some of the transcripts and exhibits for two (2) business days, and based on the extensive Record heretofore developed by the parties in these proceedings, the Special Master must request additional time to complete this review on these particular Attorney's Fees Issues.

### III. SPECIAL MASTER'S REQUEST FOR EXTENSION OF TIME

Based on the foregoing, the Special Master hereby requests that the Court grant an extension of time as set forth in the Order of Reference to allow the Special Master to complete the performance of his tasks and determination of issues submitted to him by this Honorable

Court. The thirty (30) calendar days specified in the Order of Reference would run through and include February 10, 2005 based on the Special Master's first receipt of a certified Order from the Bankruptcy Court on or about January 11, 2005. The Special Master hereby requests that the Court allow him at least five (5) additional business days to modify, revise, and/or amend this Preliminary Report involving which Attorney's Fees Categories, if any, may be covered by the Attorney's Fees Provisions in the New Midland Loan documents. Accordingly, the Special Master requests that the Court modify the Order of Reference as may be necessary to allow the Special Master through and including Tuesday, February 15, 2005, to supplement and amend this Preliminary Report as to the applicable Attorney's Fees Categories, if any, for which Alcoa may seek additional funds alleged to be due and owing from New Midland under the New Midland Loan documents.

Further, the Special Master reports and advises this Honorable Court that his review, research, and preliminary analysis indicates that there are at least portions of the Attorney's Fees Claims as itemized in the Attorney's Fees Categories that would appear to be properly included in the Attorney's Fees Provisions set forth in Exhibit 27 attached hereto. Based on this analysis to date, the Special Master would recommend that the time periods for determination of the amount of any additional funds actually due Alcoa by New Midland be extended for up to an additional thirty (30) calendar days from and after February 10, 2005. This will enable the parties, after the supplement to this Preliminary Report is filed, to examine attorney's fees statements and itemizations and pursue limited discovery on the Attorney's Fees Issues, including any issues relating to whether such fees were properly categorized, necessary, and reasonable. The attorneys for the parties have already indicated to the Special Master that discovery will be necessary on these issues in the event the Special Master determines that there are categories of attorney's fees that are covered by the Attorney's Fees Provisions. Accordingly, the Special Master believes that up to thirty (30) calendar days beyond February

10, 2005 will be necessary to accomplish the limited discovery suggested by the parties unless the parties can expedite the proceedings. The Special Master intends to suggest a scheduling order in his amended Preliminary Report on the Attorney's Fees Issues.

## IV. REQUESTS TO CLARIFY POWER AND AUTHORITY OF SPECIAL MASTER

It has been suggested in the First Meeting, Preliminary Hearing, and in prior Motions that the Order of Reference to this Special Master may initially have related only to accounting issues involving funds due and owing to Alcoa from New Midland pursuant to loan documents. Therefore, the Special Master hereby submits a request to this Honorable Court to clarify and/or grant additional power and authority as may be necessary and advisable to accomplish the intent and purpose of this Honorable Court's reference to the Special Master as contemplated by T.R.C.P. 53.02 and the Order of Reference. Specifically, the Special Master believes that extensive time and effort will be required for a determination of the Attorney's Fees Issues, including whether attorney's fees and legal costs were both "reasonable and necessary" by various parties in these proceedings. In the event that this Honorable Court believes that such determinations are beyond the purview of the Order of Reference, the Special Master hereby requests clarification of such powers and authority prior to any further delays or extensions in these proceedings.

The Special Master believes that he is capable of performing the tasks and assisting the Court with a determination of the Attorney's Fees Issues and is prepared to move forward on the determination of all matters that may present themselves during the analysis, review, and reporting on such matters. As reported below, the Special Master has been able to accomplish the determination of the amount of any and all funds actually due and owing Alcoa by New Midland based on the loan balance of the New Midland Loan within the time frame established by the Court. In the event that the Court did not, and does not, intend the Special Master to also pursue and determine the Attorney's Fees Issues as part of the Order of Reference, the Special

9

Master prays for clarification by the Court and such additional powers and authority as the Court may deem appropriate.

## B. REPORT ON AMOUNTS DUE ALCOA PURSUANT TO NEW MIDLAND LOAN
### 1. SUMMARY OF ISSUES ON LOAN AMOUNT

From the submissions of all parties at the First Meeting and the Preliminary Hearing, the Special Master determined that the main issues between the parties on calculation of the amounts due Alcoa by New Midland revolved around (1) a modification or extension fee of $126,000.00, (2) payment and application of various escrow accounts by First Union and/or Alcoa, and (3) the proper and timely application of loan payments from New Midland over the term of the New Midland Loan, as amended and extended. There were also issues concerning the set-off and application of $687,038.56 by First Union on or about October 1, 1998, the date that First Union declared the New Midland Loan to be in default (see New Midland Plaza Late Exhibit 5 to First Meeting).

First Union filed and submitted Late Exhibit 4 to the First Meeting containing a detailed summary and accounting of the receipt and application, by date and amount, of the loan payments, escrow accounts, and set-offs during the period of time that First Union was the Holder of the New Midland Loan. This information supplied by First Union addressed and resolved most of the issues concerning the timing and application of escrow accounts and the set-off of $687,038.56, including the application of such amounts to principal and interest.

Alcoa presented extensive argument and proof in the form of exhibits and schedules itemizing the receipt, application, and amortization of all payments by New Midland under the New Midland Loan. Reference is made to Exhibits 16A, 17A, and 20A provided by Alcoa as part of its submission on January 28, 2005 (see attached copies under Tab 6).

Based on the information supplied by the parties, including the exhibits referenced herein, the Special Master addressed and made determinations as to the amount of funds actually

due Alcoa by New Midland from the Starting Point of January 20, 2000, to the Maturity Date (January 20, 2005) as set forth below.

## 2. FINDINGS AND CONCLUSION ON LOAN AMOUNT DUE

Based on the submissions, stipulations, and exhibits submitted by the parties at the First meeting and the Preliminary Hearing, the Special Master has made certain Findings of Fact and Conclusions of Law which are herewith reported and submitted to this Honorable Court pursuant to the Order of Reference and TRCP 53.04. The exhibits, submissions, and evidence submitted to the Special Master involved loan documents, schedules, correspondence, and other written documents that appear to be part of the Record in the Bank litigation pending in the Blount County Circuit Court referenced above (the "**Bank Litigation**") and/or in the Bankruptcy Proceedings. In any event, there were no objections to authenticity, hearsay, or other evidentiary challenges by legal counsel for the parties based on the documents presented by any party during the First Meeting and/or Preliminary Hearing. Accordingly, the Special Master considered all exhibits presented by the various parties as being authentic and admissible, subject to a determination of relevance and/or proper weight to be given such evidence.

The parties and the Special Master initially agreed that the determination of the funds actually due Alcoa by New Midland on or about January 20, 2000, was an essential "Starting Point" to make a determination of any meaningful loan balance through the date of this Preliminary Report. The Special Master specifically finds that the Fourth Loan Modification Agreement dated as of January 1, 1996 (see Alcoa Exhibit 46) contained a stipulation as to the "amount owed" in the sum of $6,167,625.80 representing principal, interest, legal fees and cost, and other expenses incurred by the Holder at that time. Further, the sum of $126,000.00, representing the extension fees due under a prior Modification Agreement, became due and owing by New Midland at that time.

The Fourth Modification Agreement established the Maturity Date for the New Midland Loan on September 30, 1998. The New Midland Loan was declared IN DEFAULT by First Union on October 1, 1998, following non-payment at the original Maturity Date of September 30, 1998.

Pursuant to a Loan Sale Agreement dated the _____ day of September, 1999, which was eventually executed and delivered on November 30, 1999, by First Union, the New Midland Loan was transferred and assigned along with all loan documents described therein to Coolidge Somerset Alcoa, LLC (now, Alcoa) (the "**Loan Sale Agreement**"). In section 5.4 of said Loan Sale Agreement, First Union warranted to Alcoa that the principal balance on the New Midland loan was $5,305,991.84 at that time. An extension fee provided by the Fourth Modification Agreement in the amount of $126,000.00 was not added to or referenced in the principal balance at that time, even though the loan extension fees are specified in paragraph 7 of the Fourth Modification Agreement. The issues on the amount of the loan on January 20, 2000, revolved around whether or not the $126,000.00 extension fee had been included in loan payoff amounts and/or documents exchanged between the parties over a number of years.

The Special Master determined and hereby FINDS that the issue involving the $126,00.00 extension fee was resolved by Interim Order in the Bankruptcy Proceedings dated November 6, 2003, following a hearing on October 10, 2003 (see Alcoa Exhibit 6). This Interim Order in the Bankruptcy Proceedings contained a finding by the Bankruptcy Court in paragraph 4 stating as follows:

> "4. The Court finds that the $126,000.00 extension fee due under the Fourth Loan Modification was due and payable on September 30, 1998, and has not been paid by New Midland. Accordingly, the $126,000.00 fee shall be included in the principal amount of the debt due under Amended and Restated Deed of Trust Note (the "**Amended Note**") and shall bear interest at the adjustable rate from the effective date of the Amended Note....."

Based on the foregoing, the Special Master finds that the $126,000.00 extension fee became part of the principal amount due under the New Midland loan with interest at the adjustable rate determined by the Bankruptcy Court from the effective date of the Amended Note (*i.e.*, January 20, 2000). Since both New Midland and Alcoa filed documents agreeing that $5,305,991.84 was a "beginning balance" on January 20, 2000, subject to a decision on the inclusion of the $126,000.00 extension fee as a part thereof, the Special Master RECOMMENDS REPORTS, and FINDS that the $126,000.00 extension fee should have been added to the principal balance due and owing by New Midland to Alcoa on the effective date of the Amended Note of January 20, 2000, with an accrual of interest thereafter at the adjustable rate through and including the Maturity Date of January 20, 2005.

Based on this finding by the Special Master, and upon consideration of the admission into evidence of Exhibits 1 and 2 at the Preliminary Hearing, the Special Master FINDS that the extension fee of $126,000.00 plus interest at the adjustable rate from the effective date of the Amended Note to January 20, 2005, was $173,233.54 (see Preliminary Hearing transcript, p. 66). In this regard, the Special Master disagreed with the assertion by Alcoa that the $126,000.00 fee accrued interest from the original Maturity Date of the New Midland Loan on September 30, 1998.

The Special Master then considered testimony, argument, exhibits, and submissions concerning credits against the amount due Alcoa based on credits for escrow accounts and other matters described in Exhibit 1 and Exhibit 2 at the Preliminary Hearing. After determining that there was a disagreement between the parties as to the total escrow accounts that were set-off, the parties agreed to "split the difference" and to a set-off of $104,000.00, without prejudice (see Exhibit 1 plus Special Master's handwritten note thereon attached thereto).

Based on the exhibits, arguments, and stipulations submitted at the Preliminary Hearing, the Special Master further FINDS that the amount due and owing to Alcoa by New Midland,

exclusive of attorney's fees and legal expenses that are still subject to review as of the Maturity Date of January 20, 2005, is $4,890,647.67 (the "**Loan Amount Due**").

As stated above, the Loan Amount Due as of January 20, 2005, does not include attorney's fees and legal costs and/or additional interest from that date through date of payment. Any and all issues concerning the amounts of attorney's fees and legal costs to be added to the Loan Amount Due, if any, are specifically RESERVED at this time. Legal counsel for Alcoa and New Midland agreed with the arithmetic calculations that resulted in the determination of the Loan Amount Due as of January 20, 2005, which shall be the effective date of this Preliminary Report on that issue (see Preliminary Hearing transcript at pages 86-88).

## C. SUMMARY OF REPORT, STATUS AND REQUESTS BY SPECIAL MASTER

In summary, the Special Master is pleased to report his findings to this Honorable Court pertaining to the Loan Amount Due from New Midland to Alcoa as of January 20, 2005, in the amount of $4,890,647.67, exclusive of attorney's fees and litigation costs. Further, this Loan Amount Due does not include accrued interest after January 20, 2005, which is claimed by Alcoa at the appropriate interest rate. The Loan Amount Due has taken into account and reconciled all claims involving set-off, escrow account, application, extension fees, and interest accruals through the Maturity Date of the New Midland Loan as of January 20, 2005, and includes a stipulation and compromise as to the amounts of any escrow accounts to be applied to the loan as itemized on Exhibit 1 at the Preliminary Hearing, which was established at $104,000.00, without prejudice.

WHEREFORE, premises considered, the Special Master specifically requests that the Court extend the periods of time for completion of the work submitted to the Special Master for up to an additional thirty (30) calendar days from and after February 10, 2005, to address and resolve the Attorney's Fees Issues raised by the parties and discussed at the Preliminary Hearing. In this regard, the Special Master prays for clarification and/or an extension of his powers and

authority to determine the Attorney's Fees Issues as may be appropriate and for such other relief as determined by this Honorable Court.

This the 8th day of February, 2005.

Respectfully submitted by:

*J. Michael Winchester, Special Master*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and exact copies hereof (without exhibits previously provided) have been served upon all parties in interest or their counsel by delivering a copy hereof to the following parties via United States Mail, facsimile transfer, or hand delivery, properly addressed and with sufficient postage thereupon to carry the same to its destination:

David L. Braverman, Esq.
Braverman, Kaskey & Caprara
One Liberty Place, 21st Floor
Philadelphia, PA 19103-7334
*Via regular mail* and
fax to: (215) 575-3801

James S. Chase, Esq.
John A. Lucas, Esq.
Hunton & Williams
900 S. Gay St., Suite 2000
Knoxville, TN 37902
*Via hand delivery*

Thomas S. Scott, Jr., Esq.
Ball & Scott
550 West Main Avenue, Suite 750
Knoxville, TN 37902
*Via hand delivery*

Charles W. Van Beke, Esq.
Wagner, Myers & Sanger
800 S. Gay Street, Suite 1801
Knoxville, TN 37902
*Via hand delivery*

David T. Black, Esq.
329 Cates Street
Maryville, TN 37804
*Via hand delivery* and
fax to: (865) 982-5776

Brian P. Flaherty, Esq.
Wolf, Block, Schorr & Solis-Cohen
1650 Arch Street
Philadelphia, PA 19103
*Via regular mail* and
fax to: (215) 405-2948

This 8th day of February, 2005

**I hereby certify that the within is a true Copy of the original filed in this court.**

Clerk & Master
Winchester, Sellers, Foster & Steele, P.C.

By: *Michael Winchester*