# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **MARTIN E. O'BOYLE, et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **SHULMAN, ROGERS, GANDALL, PORDY &** ) <br> **ECKER, P.A., et al.,** ) <br> ) <br> **Defendants.** ) | No. 3:09-CV-169 <br> (Phillips) |

## MEMORANDUM OPINION

Plaintiffs filed this action against their former attorneys alleging negligence in the prosecution of an action in the Blount County Circuit Court. This matter is before the court on the plaintiffs' motion to amend their complaint, and the defendants' motion to dismiss. Because plaintiff's complaint filed on April 20, 2009 is barred by Tennessee's one-year statute of limitations for legal malpractice actions, defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) will be granted.

## I. Background

Plaintiffs' legal malpractice action against defendants stems from defendants' representation of plaintiffs in connection with a Tennessee lawsuit. Plaintiffs O'Boyle were general partners in a Tennessee partnership named New Midland Plaza Associates and

two Florida partnerships. When plaintiffs commenced suit in the Blount County Circuit Court in 1999, they were represented by attorney David Braverman, and Kizer & Black. In that suit, plaintiffs alleged that their bank had unlawfully foreclosed on an unpaid mortgage as part of a conspiracy to deprive them of their Tennessee shopping plaza. Defendants were hired in June/July 2001 to participate with the aforementioned attorneys in the representation of plaintiffs in the state court action.

On March 14, 2003, Robert P. Murrian was appointed Special Master to provide recommendations in connection with dispositive motions filed by the parties. On October 23, 2003, Special Master Murrian recommended that defendants' dispositive motions be granted. On December 15, 2004, the court dismissed all plaintiffs' substantive claims on summary judgment. On March 15, 2005, defendants formally withdrew by leave of court. Kizer & Black continued to represent plaintiffs.

On September 27, 2005, the state court imposed legal fees and costs due under the loan documents to the lender against plaintiffs in an amount in excess of $1.5 Million. Plaintiffs' counsel at the time, Kizer & Black, filed a motion to alter or amend the order imposing legal fees and costs on September 27, 2005. On December 14, 2005, the state court denied the motion. After entering judgment and dismissing plaintiffs' Third Amended Complaint, on November 2, 2006, the state court ordered sanctions against Martin O'Boyle in the amount of $1.25 Million. After a stipulation of dismissal was filed, the

court withdrew the order of sanctions against O'Boyle on January 29, 2007. Thereafter, plaintiffs filed an appeal that they eventually dismissed.

On October 19, 2006, defendants entered into a tolling agreement with plaintiffs arising out of defendants' representation of plaintiffs in the state court matter. Plaintiffs sought the tolling agreement because the parties were undertaking settlement negotiations which the plaintiffs believed would extinguish the need for litigation. The tolling agreement provided that the period between the date of the agreement and the termination date was not to be included in determining the applicability of any statute of limitations. The agreement further provided that "the parties agree not to waive any claims and defenses as of the date of the Agreement, and that the Agreement shall not be deemed to revive any claims that are already time-barred by the time of the Agreement." The tolling agreement was extended by agreement of the parties six (6) times, with the last agreement expiring on February 28, 2009.

Plaintiffs commenced a legal malpractice action against attorney David Braverman on December 14, 2007, alleging that his malpractice caused the dismissal of their claims and the imposition of legal fees and costs. The District Court for the District of New Jersey, Judge Joseph H. Rodriguez, dismissed that lawsuit on a Rule 12(b)(6) motion. Judge Rodriguez concluded that the Tennessee one-year statute of limitations barred all claims against attorney Braverman. An appeal of that decision is pending before the United States Court of Appeals for the Third Circuit.

Plaintiffs commenced suit against defendants in the Superior Court of New Jersey on December 5, 2009, alleging the same causes of action set forth in the instant matter. Defendants removed the case to the United States District Court for the District of New Jersey. The matter was assigned to Judge Rodriguez and thereafter, plaintiffs voluntarily dismissed the New Jersey action and filed the instant action in this court on April 20, 2009.

Plaintiffs allege that the defendants were negligent in (1) prosecuting the state action pursuant to a flawed theory of damages, (2) advising plaintiffs their damages would include loss of use from monies plaintiffs had to use for litigation, (3) failing to advise plaintiffs of responsibility for legal fees or sanctions, (4) waiving one of plaintiff's two civil conspiracy claims, (5) failing to properly prepare plaintiffs' experts for depositions, (6) failing to review and correct the expert testimony, (7) failing to properly respond to the bank's motion for summary judgment, (8) prosecuting the state court matter so that the court was compelled to render $1.5 Million in sanctions against plaintiffs, and (9) failing to properly advise plaintiffs of the outcome, the summary judgment motion, pursuing litigation, settlement, and the tactics of the defendants in the underlying litigation. Plaintiffs allege that as a direct and proximate result of defendants' individual and combined misrepresentations and professional negligence, plaintiffs' action was summarily dismissed and sanctions imposed personally on Martin O'Boyle. The court will now proceed to address the motions filed by the parties.

## II. Oral Argument is not Needed

The parties have filed extensive briefs pertaining to the pending motions in which they have fully briefed all of the issues and submitted record evidence in support of the parties' positions. The court has reviewed the briefs and evidence submitted, and does not feel that oral argument is necessary. Therefore, plaintiffs' request for oral argument is **DENIED.**

## III. Plaintiffs' Motion to Amend

Plaintiffs have moved to amend their complaint in this matter to (1) clarify the residence, citizenship and partnership interest for the various parties to establish diversity jurisdiction, and (2) to add allegations of agency and employment concerning the applicability of the tolling agreement to the individual defendants [Doc. 25].

Defendants do not oppose the motion on the basis that plaintiffs seek to add allegations of citizenship of the parties, but do oppose the additional allegations contained in the proposed complaint concerning the applicability of the tolling agreements to defendant Guberman and Cooper. Defendants argue that the added allegations concerning the tolling agreement are subject to dismissal under Fed.R.Civ.P. 12(b)(6).

Following defendants' response, plaintiffs moved to withdraw their motion to amend on the grounds that leave of court was not required, and they were entitled to file an amended complaint as of right without objection pursuant to Fed.R.Civ.P. 15(a)(1) [Doc.

35]. Plaintiffs are correct. Amendment as of right can be forestalled only by the service of a "responsive pleading." Cases uniformly hold that a "responsive pleading" is solely one of the pleadings mentioned in Rule 7(a) – other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice. *See, e.g., PNC Securities Corp. v. Finanz-Und GmbH-Liedgens*, 1996 WL 665575 (6th Cir. Nov. 14, 1996); *Rogers v. Girard Trust Co.,* 159 F.2d 239 (6th Cir. 1947); *Kroger v. Adkins Transfer Co.,* 408 F.2d 813 (6th Cir. 1969); *Roberts v. Husky Ind. Inc.,* 71 F.R.D. 479 (E.D.Tenn. 1973); 6 Charles A. Wright, et al., Federal Practice & Procedure §§ 1475, 1483.

Accordingly, plaintiff's motion to withdraw their motion to amend [Doc. 35] is **GRANTED**, whereby the motion to amend [Doc.25] is **WITHDRAWN.** Plaintiffs may file their amended complaint with the clerk without leave of court as a matter of right.

## IV. Defendants' Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will accept as true the facts as the plaintiff has pleaded them. *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir.2002); *Performance Contracting, Inc. v. Seaboard Surety Co.,* 163 F.3d 366, 369 (6th Cir.1998). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding whether to dismiss under Rule 12(b)(6), the court accepts "all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff." *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir.

2009). However, to survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S.Ct. at 1949. Finally, a district court's consideration of documents that are central to the plaintiff's claims and to which the complaint refers and incorporates as exhibits is proper when assessing a Rule 12(b)(6) motion. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Defendants have moved for dismissal of all of the claims brought in this action by plaintiffs on the grounds that (1) plaintiffs' claims are barred by the applicable statute of limitations, and (2) plaintiffs failed to plead diversity properly. Since plaintiffs' amended complaint clarifies the residence, citizenship and partnership interests of the various parties, defendants' motion for dismissal for failure to properly plead diversity is **DENIED.** Next, the court will address whether plaintiffs' complaint is timely under the applicable statute of limitations.

### A. Plaintiffs' Claims are subject to Tennessee's One-Year Statute of Limitations for Legal Malpractice Claims.

In diversity actions, federal courts are instructed to use the choice of law rules of the forum state. *Klaxton Co. v. Stentor Electric Mfg.*, 313 U.S. 487, 496 (1941). Because plaintiffs filed this action in the United States District Court for the Eastern District

of Tennessee, the court must follow Tennessee's choice of law rules. In tort cases, Tennessee uses the "most significant relationship" test. *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). Under the test, a court applies the local law of the state where the injury occurred unless some other state has a more significant relationship to the occurrence and the parties. *Scott v. AMEC Kamtech, Inc.,* 583 F.Supp.2d 912, 919 (E.D.Tenn 2008). Among the factors to consider are: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence or place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *In re Del-Met Corp.,* 32 B.R. 781, 823 (Bankr. M.D.Tenn. 2005).

Here, plaintiffs' complaint asserts that the injury, dismissal of the state court litigation and the imposition of sanctions, occurred in Tennessee. Next, the parties' relationship was centered in Tennessee as defendants were retained for the purpose of litigating the state court action. Finally, Tennessee has an overriding interest in regulating conduct of attorneys who practice within its borders. *See Jacobsen v. Oliver*, 201 F.Supp.2d 93 (D.D.C. 2002).

Plaintiffs argue that because the tolling agreement states that it should be interpreted pursuant to Maryland law, then Maryland's three-year statute of limitations applies. The court disagrees. If a question arose concerning the meaning of a term used in the tolling agreement, then that question would be interpreted pursuant to Maryland law.

Plaintiffs cite no authority, and the court has found none, that this interpretive language applies outside the four corners of the agreement itself to change the statute of limitations applicable to the underlying action. Accordingly, the court finds that Tennessee law regarding the statute of limitations applies in this matter.

### B. Plaintiffs' Claims Against Defendants are Time-Barred

Under Tennessee law, whether grounded in breach of contract or tort, the statute of limitations in actions against attorneys for malpractice is one year from the date that the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(2); *Smith v. Petkoff*, 919 S.W.2d 595, 596 (Tenn.App. 1995). In determining when a legal malpractice action accrues for statute of limitations purposes, the court applies a two-prong "discovery rule." Under the discovery rule, "a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998). In legal malpractice cases, the discovery rule is composed of two elements: (1) the plaintiff must suffer "legally cognizable damage," meaning an actual injury, as a result of the defendant's wrongful or negligent conduct, and (2) the plaintiff must have known, or in the exercise of reasonable diligence should have known, that this injury was caused by the defendant's wrongful or negligent conduct. *Id.* The court will address each of these elements in turn.

### 1. Injury

An actual injury occurs when a client suffers the loss of a legal right, remedy or interest, or the imposition of a liability. *Kohl*, 977 S.w.2d at 532. The injury element is not met if the harm is contingent upon a third party's actions or amounts to a mere possibility. *Id.* In litigation, not every misstep leads to a fall, and "because negligence without injury is not actionable, the legal malpractice statute of limitations does not begin to run until an attorney's negligence has actually injured the client." *Wilson v. Pickens*, 196 S.W.3d 138, 142 (Tenn.App. 2005). The most easily identifiable time when rights, interests and liabilities become fixed is when a court enters a judgment that adjudicates the parties' rights, imposing a "legally cognizable injury." *Cherry v. Williams,* 36 S.W.3d 78, 84 (Tenn.App. 2000).

However, "an actual injury may also take the form of the plaintiff being forced to take some action or otherwise suffer 'some actual inconvenience', such as incurring an expense, as a result of the defendant's negligent or wrongful act." *Kohl,* 977 S.W.2d at 532. When some injury is known, a plaintiff may not delay filing suit until all the injurious effects or consequences of the alleged wrong are actually known to the plaintiff. *Id.* at 533. When any damages become apparent, the statute begins to run even through the amount may be small in comparison to the amount of damages eventually suffered. *Denley v. Smith*, 1989 WL 738 (Tenn.App. Jan. 9, 1989). Allowing a plaintiff to wait until all the injurious effects and consequences are known would defeat the rationale for the existence of statutes of limitations, which is to avoid the uncertainties and burdens inherent in pursuing and defending stale claims. *Kohl,* 977 S.W.2d at 533.

Thus, a cause of action for legal malpractice accrues when the plaintiff client knows or should know that "additional attorney fees will necessarily result from the actions of an allegedly malfeasant attorney." *Denley*, 1989 WL 738 (citing *Memphis Aero Corp. v. Swain*, 732 S.W.2d 608, 612 (Tenn.App. 1986)); *see also Chambers v. Dillow*, 713 S.W.2d 896, 899 (Tenn. 1986) (the need to incur additional attorney's fees was part of client's injury that triggered accrual of his cause of action for malpractice); *Spar Gas Inc. v. McCain*, 908 S.W.2d 400, 403 (Tenn.App. 1995) (cost of hiring another attorney was damage attributable to malpractice for purpose of determining when statute of limitations accrued).

Although some courts have made the entry of an adverse judgment against a client the starting point for the running of the statute of limitations on legal malpractice claims, *see Cherry*, 36 S.W.3d at 84, in Tennessee, the statute of limitations begins to run when a "legally cognizable injury" occurs, even if an adverse judgment has yet to be rendered. *See Security Bank & Trust Co. v. Fabricating Inc.,* 673 S.W.2d 860, 864 (Tenn. 1983) (there was "no merit whatsoever" in the plaintiffs' argument that their injury did not occur until their suit against third parties was adversely decided); *Branson Mercantile Inc. v. Crabtree*, 1 S.W.3d 648, 657 (Tenn.App. 1999) (rejecting argument that injury did not occur until final order addressed client's alternative claims).

Other jurisdictions further allow the tolling of the statute of limitations in legal malpractice actions pending appeal of the client's underlying suit; *see Cherry*, 36 S.W.3d

at 85, however, Tennessee has rejected that approach as well.  *See Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995); *Wilkins v. Dodson, Parker, Shipley, Behm & Seaborg*, 995 S.W.2d 575, 580 (Tenn.App. 1998).  As the Tennessee Court of Appeals explained, "if a legal injury has occurred, whether or not it is corrected later at the appellate level does not erase the fact that the injury has occurred in the first place.  The standard for accrual of the cause of action is 'legally cognizable' not 'final disposition.'"

In the case at bar, plaintiffs allegedly suffered a legally cognizable injury when the state court dismissed all of their claims on December 15, 2004.  Plaintiffs again allegedly suffered a legally cognizable injury on September 27, 2005, when the state court imposed contractual attorney's fees and costs on plaintiffs in the amount of $1.5 Million.  Thus, to the extent there was any injury, plaintiffs suffered a legally cognizable injury no later than September 27, 2005.

### 2. Knowledge

The "knowledge" component of the discovery rule may be established by evidence of actual or constructive knowledge of the injury."  *Kohl*, 977 S.W.2d at 532.  Actual knowledge exists where the defendant admits to having committed malpractice, or the plaintiff is informed by another attorney of the malpractice.  *Id.*  However, the Tennessee Supreme court has rejected the notion that a client must have been advised by a professional that malpractice has occurred in order to trigger the statute of limitations.  *Carvell*, 900 S.W.2d at 28.  Under the theory of constructive knowledge, the statute begins

to run whenever the plaintiff becomes aware or reasonably should have become aware of facts sufficient to put a reasonable person on notice that an injury as been sustained as a result of the defendant's negligent or wrongful conduct. *Kohl*, 977 S.W.2d at 532. Tennessee courts have stressed that there is no requirement that the plaintiff actually know the specific type of legal claim he has, or that the injury constituted a breach of the appropriate legal standard. *Id.* Instead, "the plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Id.*. It is knowledge of facts sufficient to put a plaintiff on notice that "an injury has been sustained that is crucial." *Id.* "Where some injury has occurred and is known to the plaintiff, the fact that the plaintiff is not fully ware of the entire nature and extent of the injury will not toll the statute of limitations." *Rayford v. Leffler*, 953 S.W.2d 204, 207 (Tenn.App. 1997).

Here, plaintiffs had constructive (if not actual) notice of a cognizable injury when the state court dismissed all plaintiffs' substantive claims on summary judgment on December 15, 2004. Similarly, at the very latest, plaintiffs had constructive (if not actual) notice of a cognizable injury on September 27, 2005 when the state court imposed sizable attorney's fees and costs on them. Because the potential cause of action accrued at the latest on September 27, 2005, when the state court issued the award of attorney's fees and costs against plaintiffs, the latest possible date plaintiffs could have or should have known of their injuries is September 27, 2005. As a result, the instant complaint filed on April 20, 2009 is time barred.

### C. Plaintiff's Claims Accrued more than One Year Prior to Entering into the Tolling Agreement

Finally, the court will address plaintiffs' assertion that defendants are estopped from asserting the statute of limitations as a bar to their complaint given their execution of the tolling agreement and the six extensions thereof.

The doctrine of equitable estoppel tolls the running of the statute of limitations where a defendant has "misled the plaintiff into failing to file his action within the statutory period of limitations." *Fahrner v. SW Mfg. Inc.,* 48 S.W.3d 141, 145 (Tenn. 2001). A clear example, and the one most prominent in the case law, is a defendant's promise not to plead the statute of limitations, which he breaks once the plaintiff has waited for the statute to expire before filing his complaint. Equitable estoppel requires "deception or misconduct" by the defendant, *Norton v. Everhart*, 895 S.W.2d 317, 321 (Tenn. 1995), and it "only applies when the defendant has taken steps to specifically prevent the plaintiff from timely filing his complaint (as where he promises not to plead the statue of limitations)." *Fahrner*, 48 S.W.3d at 146, n. 2. "Where equitable estoppel has been raised, therefore, a court must determine whether the defendant engaged in conduct specifically designed to prevent the plaintiff from suing in time." *Id.* at 145. "If a plaintiff successfully invokes equitable estoppel, the statute of limitations is tolled for the amount of time that the defendant misled the plaintiff." *Id.* at 146.

The Tennessee Court of Appeals cautions that "courts should not be too quick to invoke the doctrine of equitable estoppel to prevent a defendant from asserting an otherwise valid statute of limitations defense." *Hardcastle v. Harris*, 170 S.W.3d 67, 87 (Tenn.App. 2004). Statutes of limitations are favored because they promote the timely pursuit of legal rights by suppressing stale claims, while estoppels are not favored when they prevent parties from asserting claims or defenses to which they would otherwise be entitled. *Id.* Courts have refused to apply equitable estoppel when there is no evidence that the plaintiff's failure to bring the action was attributable to deception or misconduct on the part of the defendants that was specifically designed to prevent the plaintiff from timely filing his complaint. In *Bernard v. Houston Ezell Corp.,* 968 S.w.2d, 855, 862, the Tennessee Court of Appeals noted, "This court does not understand the general rule to be that any effort by a wrongdoer to remedy the effect of the wrongdoing should effectively bar the defense of the statute of limitations." *See also Yater v. Wachovia Bank of Ga.,* 861 S.W.2d 369, 373 (Tenn.App. 1993) (ongoing negotiations between plaintiff and his bank did not justify application of equitable estoppel when there was no evidence that bank induced plaintiff to forego any legal action until after the statute of limitations had run).

Here, the court finds that the tolling agreement between the parties cannot save plaintiffs' claims as it was not entered into until October 19, 2006, more than one year after September 27, 2005. Moreover, the agreement expressly provided that the agreement would not be deemed to revive any claim that was already barred on the date of the agreement. Because the cause of action accrued on September 27, 2005, the one-

year statute of limitations expired before entry of the first tolling agreement and thus is time barred.

## V. Conclusion

Plaintiff's motion to withdraw their motion to amend [Doc. 35] is **GRANTED**, whereby the motion to amend [Doc.25] is **WITHDRAWN.** Plaintiffs may file their amended complaint with the clerk without leave of court as a matter of right.

Defendants' motion to dismiss [Doc. 12] is **GRANTED**, and this action is hereby **DISMISSED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge